IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAMARRICK ESTER, | )<br>) |
| Petitioner, | )<br>) |
| v. | ) CIVIL ACTION NO. 99-N-0946-S<br>) |
| WARDEN BILLY MITCHELL,<br>and BILL PRYOR, ATTORNEY<br>GENERAL FOR THE STATE OF<br>ALABAMA, | )<br>)<br>)<br>)<br>) |
| Respondents. | )<br>) |

## MEMORANDUM OPINION

The petitioner, Lamarrick Ester, challenges his Jefferson County Circuit Court convictions for attempted murder and murder. He was sentenced on March 14, 1998, to serve two concurrent terms of life imprisonment. His convictions were affirmed by the Alabama Court of Criminal Appeals on August 14, 1998. His application for rehearing was denied on October 2, 1998. He did not seek review in the Alabama Supreme Court. His conviction became final on October 30, 1998, when the Court of Criminal Appeals issued a certificate of judgment.

On April 16, 1999, the petitioner filed the present application for relief pursuant to 28 U.S.C. § 2254. He alleges that the evidence at trial was insufficient to support his conviction and that the trial court erred by failing to instruct the jury on second degree assault. Pursuant to the usual practices of this court, the matter was referred to a magistrate judge for preliminary review and recommendation. The respondents filed an answer, asserting that the petitioner's claims are due to be denied on the merits. The court entered an order allowing the petitioner twenty (20)

days to file any material in opposition to the answer filed by the respondents. The petitioner did not file a response.

On October 28, 1999, the petitioner filed the motion presently before the court, seeking to hold any further action in this matter in abeyance. He asserts that he now "has one more claim that he wish[es] to raise in this 2254 proceeding but cannot . . . because . . . he must 'exhaust the remedies available in the state courts.'" (Doc. 10, p. 1). He further states that he has filed a claim of ineffective assistance of appellate counsel in the Circuit Court of Jefferson County. He seeks to toll the running of the limitations period provided for in 28 U.S.C. § 2244(d)(2).

Section 2244(d)(2) tolls the limitations period during which a properly filed application for state review is pending. 28 U.S.C. § 2244(d)(2). It does not create a tolling period while a federal habeas corpus petition is pending. *See Jones v. Morton*, ___ F.3d ___, 1999 WL 970797, * 4 (Oct. 25, 1999 3rd Cir.)(the petitioner was not entitled to statutory tolling under § 2244(d)(2) for the time during which a habeas petition is pending in federal court). The magistrate judge entered an order requiring the petitioner to inform the court (1) whether he wanted to continue in this matter on the claims presented or (2) whether he wanted to dismiss the pending action to allow him an opportunity to exhaust state remedies on the additional claim. The petitioner was informed of the potential consequences of either decision.

On November 8, 1999, the petitioner filed a response (doc. 2) wherein he desires to dismiss his current petition without prejudice in order to exhaust his state remedies on the additional claim of ineffective assistance of counsel. The respondents have filed nothing in opposition to the petitioner's request. Accordingly, the pending matter is due to be dismissed

without prejudice. An appropriate order of dismissal will be entered contemporaneously herewith.

    **DONE**, this the ___29th___ day of November, 1999.

                                              EDWIN L. NELSON
                                              UNITED STATES DISTRICT JUDGE